## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF GREAT WEST CASUALTY COMPANY IN APPLICATION FOR THE PERPETUATION OF CERTAIN EVIDENCE | CIVIL ACTION NO.<br><br>13-804-SDD-RLB |

### RULING

This matter is before the Court on the *Verified Petition for Order Compelling Physical Examination and Complaint for Temporary Restraining Order and/or Preliminary Injunction* filed by Great West Casualty Company ("Petitioner").[1] Petitioner requests relief pursuant to Rules 27, 35, and 65 of the Federal Rules of Civil Procedure.

## I.    BACKGROUND

Petitioner alleges it issued an insurance policy which may have provided commercial automobile coverage for James L. Onan ("Onan") and/or the tractor and trailer he was operating on March 1, 2013, when Onan collided with John B. Hickerson ("Hickerson"), who was operating a 2012 Kenworth tractor truck pulling a cargo tanker.  Following this accident, EMS transported Hickerson to the hospital due to his complaints of back pain. Petitioner alleges, upon information and belief, that Hickerson has continued to complain of back pain following the accident and has sought continuing medical treatment. Specifically, Petitioner avers that, based on communications with Hickerson's counsel,

---

[1] Rec. Doc. No. 1.

Petitioner believes Hickerson intends to undergo an invasive surgical operation on his back.

Petitioner claims it expects to be named as a party defendant in an action cognizable in a United States district court regarding this March 1, 2013 accident because: "1) federal jurisdiction exists pursuant to 28 U.S.C. § 1332; 2) there is complete diversity among the anticipated parties, and 3) the potential post-surgical value of the amount in controversy exceeds $75,000.00 exclusive of costs and interest."[2]

Petitioner moves under Rules 27 and 35 for an Order compelling Hickerson "to submit to a physical examination by a board certified neurosurgeon or orthopedic specialist at a mutually convenient time and place as dictated by the Court so that the examiner may evaluate the nature, severity, and cause of John B. Hickerson's alleged injuries."[3] Petitioner contends that without this Order, "[i]rreplaceable evidence will be lost, and Petitioner will be unduly prejudiced in preparing its defense on the merits in the anticipated action."[4]

## II.   STANDARD UNDER RULE 65

A temporary restraining order and a preliminary injunction are remedies "that should be imposed only in extraordinary cases."[5]   Under Rule 65 of the Federal Rules of Civil Procedure, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or verified

---

[2] *Id.* at ¶ 6.

[3] *Id.* at ¶ 10.

[4] *Id.* at ¶ 12.

[5] *Garbutt v. Fairbanks Capital Corporation*, No. 03-1666, 2004 WL 2480490, at *1 (E.D. La. Nov. 3, 2004)(citing *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **and** (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Petitioner has filed a verified *Complaint*, but has failed to certify to the Court any efforts made to give notice of this motion to the adverse party or reasons why notice should not be required.  Thus, Petitioner has failed to satisfy the requirements of Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure.

## III.    DIVERSITY JURISDICTION

The Court is also unpersuaded that it has jurisdiction to grant the requested relief. Petitioner relies on *In re Petition of State Farm Mutual Automobile Insurance Company*, where the petitioner sought to compel the deposition testimony of a witness and medical examinations of claimants before a lawsuit had been filed.[6]  State Farm presented the same argument to the district court for the Eastern District of Louisiana that Petitioner has presented to this Court.  Finding that "an action regarding this matter 'may be cognizable' in federal court as required by Rule 27,"[7] the court denied the adverse parties' motions to dismiss stating that "Rule 27 requires only that the instant action *may* be cognizable in federal court."[8]  The court was satisfied that allowing a pre-complaint deposition of certain witnesses and compelling medical examinations of certain parties was justified to prevent a failure of justice.

---

[6] No. 94-3054, 1994 WL 715612 (E.D. La. 12/20/94).  The Court notes that *State Farm* did not involve a request for a temporary restraining order or preliminary injunction.

[7] *Id.* at *2.

[8] *Id.*

In contrast, the district court for the Western District of Louisiana reached a different conclusion in *In re Complaint of Financial Indemnity Company*, where an automobile insurer who anticipated being named as a defendant in a diversity action sought to compel the prospective plaintiff to submit to an independent medical examination on an expedited basis.[9]  The court acknowledged that Rule 27(a)(3) authorizes a court to enter orders of inspection under Rule 34 and independent medical examination under Rule 35 where appropriate "to prevent a failure or delay of justice";[10] however, the court found that "it does not appear that jurisdiction has been established in this case sufficient to permit enforcement of Rule 27."[11]  The court relied on the Fifth Circuit's decision in *Dresser Industries, Inc. v. United States*,[12] which held:

> There need not be an independent basis of federal jurisdiction in a proceeding to perpetuate, but it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction *would* exist and thus is a matter that may be cognizable in the federal court.[13]

The *Financial Indemnity* court acknowledged that, "[w]hile it appears that diversity exists, FIC has not established that the amount in controversy requirement has been met."[14] The court analogized the case to "those involving removing defendants, who must prove by a preponderance of the evidence that the amount in controversy exceeds the

---

[9] 173 F.R.D. 435 (W.D. La. 1997).

[10] *Id.* at 437, citing *In the Matter of Nabors Loffland Drilling Company*, 142 F.R.D. 295, 296 (W.D. La. 1992); *Martin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir. 1961).

[11] *Id.*

[12] 596 F.2d 1231, 1238 (5th Cir. 1979).

[13] *Id.*, citing *Arizona v. California*, 292 U.S. 341, 347, 54 S.Ct. 735, 78 L.Ed. 1298 (emphasis added).

[14] *Id.*

jurisdictional amount."[15]  The court continued: "Under the preponderance standard, '[t]he defendant must produce evidence that establishes that the actual amount in controversy exceeds [$75,000].'"[16] The court stated that the petitioner failed to allege the nature and extent of the prospective plaintiff's injuries, the amount of medical expenses incurred, or any potential lost wage claim.  The court held that "FIC's conclusory allegation that the amount in controversy exceeds $75,000.00 is legally insufficient to establish diversity jurisdiction.   The jurisdictional amount 'cannot be based simply on conclusory allegations.'"[17] Thus, the court denied the requested relief and dismissed FIC's complaint for lack of subject matter jurisdiction.  In this opinion, the court expressly disagreed with the *State Farm* opinion referenced above finding that "the Supreme Court's standard set forth in *Arizona v. California* that jurisdiction 'would' exist is appropriate."[18]

## IV.    CONCLUSION

While sympathetic to Petitioner's position, the Court is inclined to follow the analysis and reasoning set forth in *Financial Indemnity*.  The first portion of Rule 27 of the Federal Rules of Civil Procedure currently reads: "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court... ."  The rule does not state that the matter "may" be cognizable.  Petitioner has offered only the conclusory allegation that "the potential post-surgical value of the amount in controversy exceeds $75,000.00 exclusive

---

[15] *Id.*, citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)(quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[16] *Id.*, quoting *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

[17] *Id.,* quoting *Allen*, 63 F.3d at 1335 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).

[18] *Id.* at 437 n. 1.

of costs and interests."[19] The Court does not believe this conclusory allegation is sufficient to establish that jurisdiction "would" exist in a prospective suit arising out of this accident, and the Court is not inclined to assume that the amount in controversy would be met.

Therefore, the relief requested in the *Verified Petition for Order Compelling Physical Examination and Complaint for Temporary Restraining Order and/or Preliminary Injunction* is DENIED, and this *Complaint* is dismissed without prejudice.

Baton Rouge, Louisiana, this _18_ day of December, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE   DISTRICT   OF   LOUISIANA

---

[19] Rec. Doc. No. 1, ¶ 6.